**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael David White, | No. CV-21-02108-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pursuant to 42 U.S.C. § 405(g), Plaintiff Michael White seeks judicial review of the Social Security Administration's decision denying his application for Supplemental Security Income benefits. The Court must affirm the agency's decision if it is free of harmful legal error and supported by substantial evidence. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). After reviewing the record, the Court finds clearly harmful error requiring a remand for an automatic award of benefits.

White argues that the agency's administrative law judge ("ALJ") made harmful errors in his weighing of White's symptom testimony and the medical opinion evidence, but the Court does not need to resolve those issues in order to rule in White's favor. For purposes of this order, the Court can assume the ALJ properly weighed White's symptom testimony and the medical opinion evidence. The Court can even assume the ALJ properly formulated White's residual functional capacity ("RFC"). Still, the agency's decision is unsupportable.

The ALJ asked the vocational expert whether an individual with White's RFC could

sustain White's past relevant work as a software engineer, then asked if such an individual could sustain any other work within the national economy. (AR. 17-18.) The vocational expert opined that an individual with White's impairments could *not* sustain work as a software engineer or any other full-time work in the national economy. (AR. 18.) In his written decision, the ALJ said he *agreed* with the vocational expert's opinions. Yet, the ALJ inexplicably reached the *opposite* conclusion, finding White was not disabled because he *could* sustain his past work as a software engineer. (AR. 83.) The ALJ's conclusion is clear error because it contradicts the evidentiary record and the opinion of the vocational expert with which the ALJ said he agreed. And this error is harmful because, had the ALJ's decision reflected his agreement with the vocational expert, he would have found White disabled due to his inability to sustain his past relevant work or other work in the national economy. Although, an "automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule" *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017), here the Court must remand for an award of benefits because it is clear that the ALJ's factual findings compel the conclusion that White is disabled within the meaning of the Social Security Act.

**IT IS ORDERED** that the ALJ's decision is **REVERSED AND REMANDED** for an award of benefits. The Clerk is directed to enter judgment accordingly and terminate this case.

Dated this 15th day of November, 2023.

Douglas L. Rayes
United States District Judge