1   **WO**

2

3

4

5

6               **IN THE UNITED STATES DISTRICT COURT**

7                  **FOR THE DISTRICT OF ARIZONA**

8

9   Michael David White,                    No. CV-21-02108-PHX-DLR

10              Plaintiff,                   **ORDER**

11  v.

12  Commissioner of Social Security
    Administration,
13
                Defendant.
14

15

16          Plaintiff Michael White sought judicial review of the Social Security

17  Administration's decision denying his application for Supplemental Security Income

18  benefits. White argued that the agency's administrative law judge ("ALJ") made harmful

19  errors in weighing White's symptom testimony and the medical opinion evidence. The

20  Court found that it did not need to resolve those issues because, even assuming the ALJ

21  correctly formulated White's residual functional capacity ("RFC"), the agency's decision

22  was unsupportable because the ALJ purported to rely on vocational expert testimony that

23  White could not sustain work as software engineer or any other full-time work in the

24  national economy yet reached the opposite conclusion. (Doc. 16.) The Court reversed and

25  remanded for an award of benefits.

26          The agency has asked the Court to alter or amend its judgment under Federal Rule

27  of Civil Procedure 59(e) because the Court's order was based on a misreading of the record.

28  (Doc. 18.) The Court agrees that the *reasoning* for its judgment was erroneous. The record

1    shows that the vocational expert testified that an individual *limited to a six-hour* workday

2    would be unable to sustain work. (AR 18.) But the ALJ did not incorporate that limitation

3    into the RFC, so the vocational expert's answer to that hypothetical was not pertinent to

4    the ALJ's decision.

5          The Court declines to alter or amend its bottom-line judgment, however, because it

6    finds reversible error on the merits. This case turns on whether White's cardiac conditions

7    caused fatigue that would render him unable to sustain a full eight-hour workday, as he

8    claimed. White testified that he could walk, lightly exercise, and perform a variety of

9    normal household tasks, but he had trouble sustaining such activities because he would

10   become fatigued and need to rest. (AR 11-14, 28, 31.) For similar reasons, he testified that

11   he had difficulty sustaining concentration for long periods. (AR 14, 25.) He testified that

12   he ordinarily required a nap around 2:00pm because he became fatigued. (AR 18.) As

13   White summarized: "I can do things, I just can't sustain them." (AR. 31.) Both vocational

14   experts agreed that someone limited, due to fatigue, to a six-hour workday would be unable

15   to sustain White's prior work or any other work. (AR 18, 32.)

16         The ALJ found that White's cardiac conditions could have caused his fatigue, but

17   did not believe that White's fatigue was a bad as he claimed because the ALJ thought the

18   medical evidence did not support fatigue of that severity and that White's reported daily

19   activities were inconsistent with the degree of fatigue alleged. (AR 76.) On review, the

20   Court agrees with White that the ALJ did not support this conclusion with specific, clear,

21   and convincing reasons supported by substantial evidence. *See Garrison v. Colvin*, 759

22   F.3d 995, 1014-15 (9th Cir. 2014).

23         First, the ALJ erred in finding that White's testimony was inconsistent with his

24   reported daily activities because the ALJ summarized these activities generically (*see* AR

25   80) while "fail[ing] to account for the manner and frequency with which [White] performed

26   them." *Burnias v. Comm'r of Social Security Admin.*, No. CV-17-00657-PHX-DLR, 2018

27   WL 4444178, at *2 (D. Ariz. Sep. 18, 2018). White candidly admitted that he could "do

28   things;" he just had difficulty sustaining them. (AR 31.) White's ability to walk for as long

- 2 -

1    as he can, then stop; occasionally lift dumbbells or use resistance bands; and take short

2    drives in the afternoon are not inconsistent with his testimony that he became fatigued after

3    performing such activities and therefore would have difficulty *sustaining* work for a full

4    eight-hour workday.  (AR. 25-31.)

5         The ALJ also erred in finding that White "inflated his symptoms and functional

6    limitations during the consultative medical examination." (AR 80.) The ALJ stated that

7    White "complained of having significant cardiac symptoms *during* the examination,

8    including fatigue, dizziness, and swelling," (AR 80 (emphasis added)) but a review of the

9    relevant record indicates that the consultative medical examiner noted these symptoms

10   under "History of Present Illness," and White's medical history indisputably includes

11   records of those symptoms, even if they were not experienced during every medical visit.

12   (AR 705.) The ALJ also wrote that, while White "endorsed having significant difficulties

13   with activities of daily living," "the evidence shows that the claimant is able to complete

14   his activities of daily living independently and remain active in his personal life." (AR 80.)

15   Again, the Court detects no inflation or inconsistency. White testified that he could *do*

16   things; he just has difficulty *sustaining* them throughout the day. The critical question in

17   this case is not whether White can walk, or concentrate, or prepare meals, or drive car. He

18   can, and he said so. It's whether White performs those activities in a way that would

19   translate to the ability to sustain a full eight-hour workday. The ALJ identified no specific

20   evidence undermining White's testimony that, due to his fatigue, he requires breaks that

21   would preclude a full-time work.

22        With these two explanations stripped away, all that remains is the ALJ's assessment

23   that the medical record does not corroborate the severity of White's fatigue. But an ALJ

24   cannot reject a claimant's symptom testimony solely because objective medical records do

25   not corroborate the severity of the symptoms. What's more, the record is replete with

26   evidence that White endorsed fatigue during visits with his medical providers, and that

27   White's cardiac medications exacerbated that fatigue. In sum, the ALJ should not have

28   disregarded White's symptom testimony.

1    When confronted with an erroneous agency decision, the Court has discretion to

2    remand for an award of benefits where the record has been fully developed and further

3    administrative proceedings would serve no useful purpose, so long as the improperly

4    discredited evidence, if credited, shows the claimant is disabled. *Garrison*, 759 F.3d at

5    1016. The Court exercises that discretion here because the record is fully developed, the

6    ALJ relied on insufficient reasons to discredit White's symptom testimony, and had the

7    ALJ credited White's testimony concerning the impact of his fatigue on his ability to

8    sustain full-time work, White would have been deemed disabled.

9    Accordingly, although the Court herein modifies the *reasoning* for its judgment

10    (Doc. 16), the Court finds that its bottom-line judgment that the agency's decision should

11    be reversed and remanded for an award of benefits (Doc. 17) should be sustained.

12    **IT IS ORDERED** that the agency's motion to alter or amend the judgment (Doc.

13    18) is **DENIED**.

14    Dated this 3rd day of April, 2025.

15

16

17

18    _____
      Douglas L. Rayes
19    Senior United States District Judge

20

21

22

23

24

25

26

27

28